UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| AGFA CORPORATION and<br>AGFA-GEVAERT AKTIENGESELLSCHAFT,<br><br>       Plaintiffs,<br><br>       v.<br><br>RAD GRAPHIC SYSTEMS, INC. and<br>ROBERT DERRYBERRY,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 03-cv-12524 RGS

COMPLAINT

Plaintiffs Agfa Corporation and Agfa-Gevaert Aktiengesellschaft for their Complaint allege as follows:

I. JURISDICTION

1. This is an action for trademark infringement, false designation of origin, dilution and unlawful use of a domain name arising under the Trademark Laws of the United States, 15 U.S.C. § 1051, et seq. ("Lanham Act"), and related claims of trademark infringement and dilution under the common law and Chapter 110B of the General Laws of the Commonwealth of Massachusetts.

2. Federal jurisdiction in this action is based upon 15 U.S.C. § 1121 (Lanham Act, § 39) and 28 U.S.C. §§ 1331, 1332, and 1338 (a) and (b) and 1367. There is diversity of citizenship between the Plaintiffs and the Defendants and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs.

3. Plaintiff Agfa Corporation (hereafter "Agfa") is a Delaware corporation with its place of business at 200 Ballardvale Street, Wilmington, Massachusetts 01887-1069.

4. Plaintiff Agfa-Gevaert Aktiengesellschaft (hereafter "Agfa-Gevaert") is a German company with its place of business in Leverkusen Germany.

5. Defendant RAD Graphic Systems, Inc. (hereafter "RGS") is, upon information and belief, a Tennessee corporation having a place of business at 3015 Ooltewah-Ringgold Road, Ooltewah, Tennessee 37363. RGS is, upon information and belief, conducting business in the Commonwealth of Massachusetts.

6. Defendant Robert Derryberry (hereafter "Derryberry") is, upon information and belief, a citizen of Tennessee and an officer, owner and principal operative of RGS and has a place of business at 3015 Ooltewah-Ringgold Road, Ooltewah, Tennessee 37363. Derryberry is, upon information and belief, conducting business in the Commonwealth of Massachusetts

and controlling RGS with respect to the allegations set forth herein.

II. THE PLAINTIFFS' AGFA MARK

7. Plaintiff Agfa is a wholly owned subsidiary of The Agfa-Gevaert Group of Mortsel, Belgium. Plaintiff Agfa-Gevaert is part of the Agfa-Gevaert Group and is the owner of the trademark AGFA. Agfa is licensed to use, and uses, the Agfa-Gevaert AGFA trademark for, inter alia, electronic prepress equipment, including imagesetters (hereafter the "Imagesetter Products").

8. Plaintiff Agfa is in the business of, inter alia, manufacturing, selling and servicing the Imagesetter Products and other products in the fields of graphic arts, photography, and medical imaging throughout the United States. Sales and service are made directly through Agfa and through authorized retail merchants and distributors throughout the United States, including within the Commonwealth of Massachusetts.

9. The AGFA mark was first used in connection with sales of goods in interstate commerce at least as early as 1928. The AGFA mark has been used in interstate commerce in connection with the Imagesetter Products continuously by Agfa since at least 1990 to the present.

10. Agfa-Gevaert is the owner of United States Trademark Registrations for the AGFA mark, including U.S. Trademark Registrations Nos. 513,022; 520,362; 1,594,038; 1,594,039; 1,227,186; 1,357,469; 1,529,175; 2,077,755; 2,091,451; 2,366,790, and 2,366,791, copies of which are attached hereto as Exhibits 1 - 11.

11. Agfa-Gevaert is also the owner of United States Trademark Registrations using the trademark AGFA in conjunction with additional words, including U.S. Trademark Registration Nos. 664,594; 665,054; 713,491; 984,457; 991,957; 1,088,426; 1,490,728; 1,559,475; 1,582,101; 2,189,432; 2,208,550; 2,373,779; 2,466,391; 2,658,477, and 2,653,510, copies of which are attached hereto as Exhibits 12 - 26.

11. Under the United States Trademark laws, 15 U.S.C. § 1115 (Lanham Act, § 33), Agfa-Gevaert is entitled to exclusive use of the AGFA mark throughout the United States.

12. Plaintiffs have committed significant time, effort, and money to developing and maintaining a reputation for craftsmanship, quality of products and reliability in the field of the Imagesetter Products. The AGFA mark symbolizes Plaintiffs' commitment to such products.

13. Through an extensive and expensive program of nationwide and worldwide advertising, Plaintiffs Agfa and Agfa-

Gevaert have emphasized the association of the AGFA mark with the Plaintiffs' goods and services.

14. Due to the inherently distinctive nature of the AGFA mark and by virtue of its long and exclusive use by Plaintiffs, the AGFA mark has come to serve as a designation of origin of Plaintiffs' Imagesetter Products and other of Plaintiffs' products to the consuming public.  Plaintiffs have built up a valuable reputation and goodwill in connection with the AGFA trademark, by virtue of their long history of commitment to high quality products and because of their extensive product advertising.

15. The AGFA trademark is a famous trademark as defined by 15 U.S.C. § 1125(c) (Lanham Act, § 43(c)) by virtue of its inherent distinctiveness; the over 70 years of use of the AGFA mark in the United States and over 100 years of use of the AGFA mark throughout the world; the millions of dollars of advertising under the AGFA mark over the last 100 years; the publicity generated for products sold under the AGFA mark for more than 100 years; the extensive use of the AGFA trademark on products throughout the United States and worldwide, including in the fields of photography, medicine and the graphic arts; the substantial public recognition of the AGFA trademark, and the

numerous United States trademark registrations for the AGFA trademark.

III. THE DEFENDANTS' INFRINGEMENT

16. Upon information and belief, Defendants provide repair and service for the Agfa Imagesetter Products and sell previously owned Agfa Imagesetter Products. Defendants operate a Website using, inter alia, the domain names AGFAIMAGESETTERREPAIR.COM; AGFAIMAGESETTERSERVICE.COM, and AGFA-LINO.COM. Defendants state on their Website that

> To better both our placement in the search engines and for ease of customer awareness, RAD Graphic Systems has been awarded the following domain names...
> www.AgfaImagesetterService.com ...
> www.AgfaImagesetterRepair.com
> These domain names are in addition to our already famous www.Agfa-Lino.com ... domain names.

On information and belief, the Website is interactive and it advertises and solicits business in, inter alia, this Commonwealth.

17. Upon further information and belief and as set forth above, Defendants have incorporated wholesale the AGFA mark in their domain names AGFAIMAGESETTERREPAIR.COM;

6

AGFAIMAGESETTERSERVICE.COM, and AGFA-LINO.COM (hereafter "the infringing marks") to designate their services of repair and service of the Agfa Imagesetter Products and to sell the Agfa Imagesetter Products. Defendants have, upon information and belief, registered and used the Website domain names AGFAIMAGESETTERREPAIR.COM; AGFAIMAGESETTERSERVICE.COM, and AGFA-LINO.COM to market their services and products. Defendants' use of the infringing marks is made in commerce in the United States, including, upon information and belief, in commerce within the Commonwealth of Massachusetts.

    18. Defendants' infringing marks incorporate wholesale Plaintiffs' AGFA mark. Defendants' first use of the infringing marks in the United States occurred long after Plaintiffs' first use of the registered marks and long after the AGFA mark was a famous mark.

    19. On information and belief, Defendants have selected and are using the infringing marks to direct customers and prospective customers of Agfa and Agfa's authorized dealers to Defendants' Website based on the use of the AGFA mark and/or the belief that there is some affiliation or sponsorship of the Defendants by Agfa. Such use causes confusion, including initial interest confusion, between Plaintiffs and Defendants.

20. Defendants' Website suggests that Defendants are selling new Agfa Imagesetter Products, which they are not. Defendants are not an authorized Agfa dealer for new Agfa Imagesetter Products.

21. Defendants' Website includes links to Plaintiffs' Website. When the public links to Plaintiffs' Website, Plaintiffs' Website comes up and is framed by Defendants' Website, thereby further suggesting some affiliation or sponsorship between Plaintiffs and Defendants.

22. Defendants are not now and have never been authorized or licensed in any way by the Plaintiffs to use or exploit Plaintiffs' AGFA mark in connection with Defendants' business.

23. Plaintiffs have not consented to the use of the infringing marks by Defendants. Plaintiff Agfa has, prior to the filing of this Complaint, given notice to the Defendants that such use constitutes a violation of Plaintiffs' trademark rights. Defendants have refused to cease and desist use of Plaintiffs' valuable AGFA trademark. Defendants have a disclaimer in a small print on their Website that they are "in no way affiliated with or endorsed by Agfa." However, this "disclaimer" does not preclude confusion with Plaintiffs' or

somehow grant Defendants the right to use Plaintiffs' famous AGFA mark.

24. Defendants are using the infringing marks through the same or similar channels of trade as Plaintiffs.

25. Upon information and belief, Defendants were aware of the AGFA mark prior to their adoption and use of the infringing marks. In spite of such knowledge, Defendants have adopted and used the infringing marks. Such conduct was undertaken in bad faith and with the bad faith intent to profit from Plaintiffs' famous AGFA trademark.

26. Upon information and belief, Defendants have an inventory of materials bearing the infringing marks. Defendants' Website prominently uses the infringing marks and is available throughout the United States, including the Commonwealth of Massachusetts. Plaintiff will be irreparably harmed by the continued use by Defendants of the infringing marks.

IV. <u>CLAIMS FOR RELIEF</u>

<u>COUNT ONE</u>
(Trademark Infringement Under The Lanham Act)

27. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 26 above with the same force and effect as if fully set forth herein.

28. Defendants, by their conduct described above, are using in commerce in the United States an imitation of Plaintiffs' AGFA mark for the service, repair and sale of the Agfa Imagesetter Products. Defendants' use of the infringing marks is likely to cause confusion or mistake or deception among purchasers for the service, repair and sale of the Agfa Imagesetter Products as to the source of origin or sponsorship or endorsement of such service, repair and sale, or wrongly lead consumers to conclude that some connection, authorization, or relationship exists between Defendants and Plaintiffs, all in willful violation of 15 U.S.C. § 1114 (Lanham Act, § 32).

<u>COUNT TWO</u>
(Trademark Infringement Under The Common Law of Massachusetts)

29. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 28 above with the same force and effect as if fully set forth herein.

30. Defendants, by their conduct described above, are using in this Commonwealth an imitation of Plaintiffs' AGFA mark for the service, repair and sale of the Agfa Imagesetter Products. Defendants' use of the infringing marks is likely to cause confusion or mistake or deception among purchasers for the service, repair and sale of the Agfa Imagesetter Products as to the source of origin or sponsorship or endorsement of such service, repair and sale, or wrongly lead consumers to conclude that some connection, authorization, or relationship exists between Defendants and Plaintiffs, all in willful violation of the common law of Massachusetts.

<u>COUNT THREE</u>
(False Designation of Origin Under The Lanham Act)

31. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 30 above with the same force and effect as if fully set forth herein.

32. Defendants, by their conduct described above, are using, in connection with services and sales in commerce in the United States, a false designation and representation of the origin of Defendants' services and goods and a false designation and representation of sponsorship, authorization by or in

connection with Plaintiffs' services and goods, all in willful violation of 15 U.S.C. § 1125(a) (Lanham Act, § 43(a)).

33. Such conduct by Defendants, if not enjoined, will cause confusion and deception as to the source of origin or sponsorship of Defendants' services and goods with Plaintiffs' services and goods.

## COUNT FOUR
(Dilution Under The Lanham Act)

34. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 33 above with the same force and effect as if fully set forth herein.

35. Defendants are infringing Plaintiffs' trademark under the Lanham Act, the common law, and laws of the Commonwealth of Massachusetts and such conduct dilutes the distinctive quality of Plaintiffs' famous protectable trademark and causes injury to Plaintiffs' goodwill and reputation, all in willful violation of 15 U.S.C. § 1125(c) (Lanham Act, § 43(c)).

36. Furthermore, the unauthorized use by Defendants of the infringing marks will inevitably cause confusion and deception to persons within the trade and the public and will lead them to mistake Defendants' services or goods for Plaintiffs' or to purchase Defendants' services or goods instead

of Plaintiffs' or those of Plaintiffs' authorized distributors, in the erroneous belief that Defendants' services or goods are those of the Plaintiffs or that Plaintiffs have authorized, endorsed, licensed, or sponsored Defendants to use Plaintiffs' famous protectable trademark, thereby appropriating the goodwill and trade value created by and inuring to the benefit of Plaintiffs and further diluting the distinctive quality of Plaintiffs' protectable trademark, all in willful violation of Plaintiffs' rights under Section 15 U.S.C.§ 1125(c) (Lanham Act, § 43(c)).

## COUNT FIVE
(Dilution Under Massachusetts Law)

37.  Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 36 above with the same force and effect as if fully set forth herein.

38.  Defendants are infringing Plaintiffs' trademark under the Lanham Act, the common law and laws of the Commonwealth of Massachusetts, and such conduct is likely to dilute and dilutes the distinctive quality of Plaintiffs' protectable trademark and is likely to cause and causes injury to Plaintiffs' goodwill and reputation, all in willful violation

of Section 12 of Chapter 110B of the General Laws of Massachusetts.

39. Furthermore, the unauthorized use by Defendants of the infringing marks will inevitably cause confusion and deception to persons within the trade and the public and will lead them to mistake Defendants' services or goods for Plaintiffs' or to purchase Defendants' services or goods instead of Plaintiffs', in the erroneous belief that Defendants' services or goods are those of the Plaintiffs or that Plaintiffs have authorized, endorsed, licensed, or sponsored Defendants to use Plaintiffs' distinctive protectable trademark, thereby appropriating the goodwill and trade value created by and inuring to the benefit of Plaintiffs and further diluting the distinctive quality of Plaintiffs' protectable trademark, all in willful violation of Plaintiffs' rights at common law and under Section 12 of Chapter 110B of the General Laws of Massachusetts.

## COUNT SIX
(Unlawful use of Domain Name)

40. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 39 above with the same force and effect as if fully set forth herein

41. Defendants are using the domain names AGFA-LINO.COM; AGFAIMAGESETTERREPAIR.COM, and AGFAIMAGESETTERSERVICE.COM with the bad faith intent to profit from the famous and distinctive Agfa-Gevaert registered AGFA trademark, and the Defendants' domain names are identical to, confusingly similar to and dilutive of the Agfa-Gevaert registered trademarks, all in willful violation of 15 U.S.C. § 1125(d) (Lanham Act, § 43(d)).

V. <u>DAMAGES AND IRREPARABLE HARM</u>

42. Defendants' conduct as described in paragraphs 1 through 41 above has caused and will continue to cause great and irreparable damage, injury, and harm to Plaintiffs for which Plaintiffs have no adequate remedy at law unless such acts are enjoined by this Court.

VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray:

A. That this Court preliminarily and permanently enjoin Defendants from infringing the Agfa-Gevaert AGFA trademark and, in particular, from offering goods or services using, or causing to be used the AGFA mark and all colorable

imitations or variations thereof in connection with their business;

    B.   That Defendants be required to pay Plaintiffs three (3) times the amount of such damages as Plaintiffs have sustained as a consequence of Defendants' willful infringement of Plaintiffs' marks in accordance with 15 U.S.C. §§ 1117 and 1125 (Lanham Act, §§ 35 and 43);

    C.   That Defendants be ordered to account for and to pay Plaintiffs all profits derived by Defendants by reason of their acts of infringement and in violation of law alleged herein;

    D.   That this Court award Plaintiffs their costs in this action together with reasonable attorney's fees;

    E.   That this Court order that all goods, packaging, labels, signs, prints, stationery, packages, receptacles and advertisements in the possession, custody or control of Defendants bearing the infringing marks or any colorable imitation thereof and all plates, molds, matrices, and other means of making the same shall be delivered up and destroyed;

    F.   That this Court order that the Defendants cease use of the domain names AGFA-LINO.COM; AGFAIMAGESETTERREPAIR.COM. and AGFAIMAGESETTERSERVICE.COM or any colorable imitations or variations thereof, including any domain

name using the trademark AGFA, and assign the registrations thereof and all rights therein to Plaintiffs;

G. That Defendants be required to promptly file with this Court and serve on Plaintiffs' counsel a report, under oath, setting forth the manner and form in which they have complied and are complying with said injunction; and

H. That this Court grant Plaintiffs such other relief as it deems just and reasonable.

        Respectfully submitted,

        AGFA CORPORATION AND AGFA-GEVAERT
        AKTIENGESELLSCHAFT

        By _/s/ E. Page W._____
        Michael Arthur Walsh (BBO# 514875)
        E. Page Wilkins (BBO # 654535)
        CHOATE, HALL & STEWART
        Exchange Place
        53 State Street
        Boston, Massachusetts   02109-2891
        (617) 248-5000

Of Counsel:

Theodore A. Breiner
Jennifer A. Pulsinelli
BREINER & BREINER, L.L.C.
115 North Henry Street
Alexandria, Virginia  22314
(703) 684-6885

Robert A. Sabourin
AGFA CORPORATION
200 Ballardvale Street
Wilmington, Massachusetts  01887-1069
(978) 284-5604

Dated:  December 16, 2003

3635159v1